UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY LAMONT MOORE,         ) <br>     Petitioner/Plaintiff,         ) <br>                                      ) <br> -v-                                   ) <br>                                      ) <br> TOMMY FEGAN ET AL.,         ) <br>     Respondent/Defendants.   ) <br> _____) | No. 2:15-cv-142 <br><br> HONORABLE PAUL L. MALONEY |

<u>ORDER</u>

On November 1, 2016, Magistrate Judge Timothy Greeley issued a report and recommendation (ECF No. 43), which "recommend[ed] that Defendants' motion for summary judgment (ECF No. 34) be granted in part and denied in part." (ECF No. 43 at PageID.640.) More specifically, the Magistrate Judge recommended that Plaintiff's retaliation claim against Defendant Thompson be dismissed, and Plaintiff's retaliation claim against Defendant Fegan remain.

I.    STATEMENT OF FACTS

The Court **ADOPTS** the Magistrate Judge's report, which reflects all cited facts in the light most favorable to Plaintiff. (ECF No. 43 at PageID.632.)

II.    LEGAL FRAMEWORK

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### III. ANALYSIS

Plaintiff argues that the Magistrate Judge's recommendation is erroneous with respect to Defendant Thompson. He argues that the failure to be put on a "transfer list" to a different facility amounts to a sufficient adverse action for First Amendment retaliation purposes.

Even assuming, only for the sake of argument, that Defendant Thompson refused to put Plaintiff on the transfer list out of retaliation for Plaintiff's filing of grievances, he has not alleged any facts to explain why this action would deter a person of ordinary firmness from filing grievances. An *actual transfer* or *threat to transfer* facilities may, in some cases, rise to the level of an adverse action. *See, e.g., Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010) (finding a threat to transfer a prisoner was sufficiently adverse). *But see, e.g., Siggers-El v.* Barlow,

412 F.3d 693, 701 (6th Cir. 2005) (finding than an actual transfer was not an adverse action).

The failure to put someone on a speculative transfer list, however, is merely maintaining the status quo. And Plaintiff has demonstrated no facts to explain why this action (or inaction) would be capable of deterring a person of ordinary firmness from filing grievances. For example, Plaintiff did not allege that being "downstate" would provide him or another similarly situated inmate any particular benefit, or remaining "upstate" would render him or another inmate any particular detriment. He merely stayed in place at his same facility. On these facts, that status quo cannot constitute more than a de minimis injury.

With respect to the alleged failure to accept Plaintiff's phone disbursement, Plaintiff was able to find another prison official that accepted his disbursement on the same day. This type of minor, isolated incident is unlikely to deter a person of ordinary firmness from filing grievances, and any constitutional injury was de minimis. See *Smith v. Yarrow*, 78 Fed. App'x 529, 541 (6th Cir. 2003) (finding a onetime refusal to make a photocopy by a librarian would not likely deter a person of ordinary firmness from exercising his First Amendment rights). Plaintiff's objection is without merit and is **OVERRULED**. (ECF No. 44.)

Defendant Fegan's objections are also misplaced. He essentially argues that the Court must resolve relevant factual disputes in his favor.

Defendant's self-serving representations are worth no more consideration than Plaintiff's self-serving representations, particularly on Defendant's summary judgment motion, with the facts resolved in Plaintiff's favor. A factual dispute exists, and Defendant failed to produce a copy of the requisite work manual. As the Magistrate Judge found,

3

"Defendant Fegan does not address whether he had any authority to terminate Plaintiff's employment," but admits that he "requested the termination." (ECF No. 43 at PageID.637.)

Since "it's unclear whether the[] work evaluations amount to counseling memos," the factual ambiguity must be resolved in Plaintiff's favor. And "Defendant Fegan did not file a reply brief addressing this issue and neither party attached a copy of the May 1, 2013 document." (ECF No. 43 at PageID.636.)

Defendant Fegan also seemingly blames Plaintiff for not including a document that Fegan believes would support his defense (ECF No. 47 at PageID.657), but it was Defendant's burden to prove that no genuine dispute in material fact exists.

Regardless, ample other corroborating evidence exists to allow the retaliation claim to proceed. Defendant Fegan failed to address Plaintiff's allegation that Fegan made intimidating and harassing comments, made false statements in a work evaluation, made threats, and put Plaintiff in a skilled position when Plaintiff was unskilled. (*See* ECF No. 43 at PageID.638.) That is fatal to Fegan on his motion for summary judgment.

Defendant Fegan's attempt at resolving all factual disputes in his own favor must be rejected.

Defendant's immunity claim also fails. The law here could not be more clearly established. In *Hill v. Lappin,* the Sixth Circuit resolved any ambiguity in a retaliation claim: "retaliation for the exercise of constitutional rights," including filing grievances, "is itself a violation of the Constitution. 630 F.3d at 473. Simply put, "there is no justification for harassing people for exercising their constitutional rights." *Id.* "The plaintiff's evidentiary burden is merely to establish the factual basis for his claim that the retaliatory acts amounted

4

to more than a de minimis injury." *Id.* "An adverse action is one that is '*capable of* deterring a person of ordinary firmness' from exercising the constitutional right in question." Id. at 472. Because a jury *could* conclude Defendant Fegan retaliated against Plaintiff in any number of ways for filing grievances (ECF No. 43 at PageID.638 ("Furthermore, Defendant Fegan fails to address Plaintiff's additional allegations . . . .")), Defendant is not entitled to judgment as a matter of law.[1] The Court rests on the remaining report and recommendation for denying qualified immunity and resolving all additional objections.

In sum, Plaintiff's objection are **OVERRULED**. (ECF No. 44); Defendant Fegan's objections are **OVERRULED** (ECF No. 47); the Report and Recommendation is **ADOPTED** in full as the opinion of this Court. (ECF No. 43.)

Finally, Petitioner has filed a motion requesting the Court "conduct an in camera review" (ECF No. 48), along with a separate motion requesting an evidentiary hearing (ECF No. 56), because "in the Defendants' objections[,] the Defendant[s] are trying to confuse this Honorable Court" (ECF No. 48 at PageID.669), or "defraud this Honorable Court" because of a dispute involving "counseling memos." (ECF No. 56 at PageID.726.)

The Court, having overruled Defendant Fegan's objections, hereby **DISMISSES AS MOOT** Plaintiff's motions. (ECF No. 48, 56.)

**IT IS SO ORDERED**.

Date:   December 20, 2016                        /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge

---

[1] By way of example: if a jury believed that Defendant Fegan made threats against Plaintiff or made false statements in a work evaluation, a jury could conclude that a person of ordinary firmness would be deterred from filing additional grievances.